UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE DANNIEL GARZA-CASTRO, <br><br> Plaintiff, <br><br> v. <br><br> SILCHUK TRANSPORT LLC (North Dakota), SILCHUK TRANSPORT LLC (New York), ELEMENTAL LEASING LLC (Texas), ELEMENTAL LEASING LLC (Kentucky), AMERICANSTAR TRANSPORT, VITALIY OPATSKY, and BLUE MARLIN LOGISTICS GROUP INC., <br><br> Defendants. | Case No. 25-cv-1766-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Jose Danniel Garza-Castro's to remand (Doc. 11). The defendants have not responded to the motion. Indeed, it appears remand is appropriate under 28 U.S.C. § 1447(c), which requires remand of a case at any time before final judgment where it appears the Court lacks subject matter jurisdiction. The Court lacks subject matter jurisdiction over this case because Garza-Castro has not pled a federal question in his complaint, although his claim may be subject to a federal law defense.

Garza-Castro was injured in a tractor-trailer accident in which his vehicle was struck from behind. In the Circuit Court of the Fifth Judicial Circuit, Cumberland County, Illinois, he sued various entities associated with the other vehicle in the accident, including Blue Marlin Logistics Group, Inc. ("Blue Marlin"), a freight broker. He asserted Blue Marlin was negligent in selecting the carrier and driver of the vehicle that caused the accident (Count XIII). Blue Marlin removed this case to federal court asserting removal jurisdiction under 28 U.S.C. § 1441(a) based on original federal question jurisdiction under 28 U.S.C. § 1331. It claims that

the plaintiff's negligent selection claim is preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1), and thus presents a federal question.

Whether a broker can be liable as a matter of law for negligent selection of a carrier or driver is a matter of some dispute. The FAAAA expressly preempts state laws "related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). However, the statute also provides that the preemption shall not restrict a state's safety regulation. 49 U.S.C. § 14501(c)(2)(A). The dispute is whether a state's negligence law qualifies under the express preemption provision and whether it falls within the safety exception.

The Court of Appeals for the Seventh Circuit holds that Illinois's negligent selection cause of action against a freight broker qualifies for preemption and does not fall within the safety exception. Thus, a negligent selection action is barred by the FAAAA. *Ye v. GlobalTranz Enters.*, 74 F.4th 453, 466 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 564 (2024); *see Montgomery v. Caribe Transp. II, LLC*, 124 F.4th 1053, 1058 (7th Cir. 2025) (declining to overturn *Ye*), *cert. granted,* No. 24-1238, 2025 WL 2808807, 222 L. Ed. 2d 1241 (Oct. 3, 2025). Other courts have come to a different conclusion, *see Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1026 (9th Cir. 2020), which is likely why the Supreme Court granted a writ of *certiorari* in *Montgomery*.

It is a question of ordinary, conflict preemption when federal law provides a defense to a state law claim. *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir. 1995). This kind of preemption does not provide a basis for removal jurisdiction where no federal question appears in the plaintiff's well-pleaded complaint. *Id.*; *see Sarauer v. Int'l Ass'n of Machinists & Aerospace*

2

*Workers, Dist. No. 10*, 966 F.3d 661, 669 (7th Cir. 2020).

Conflict preemption is often confused with the jurisdictional doctrine of complete preemption, which can provide a basis for removal jurisdiction based on a federal question. Under that doctrine, "federal subject matter jurisdiction exists if the complaint concerns an area of law 'completely preempted' by federal law, even if the complaint does not mention a federal basis of jurisdiction." *Jass v. Prudential Health Care Plan,* 88 F.3d 1482, 1487 (7th Cir. 1996) (citing *Rice,* 65 F.3d at 642); *see Sarauer*, 966 F.3d at 669 ("But congressional intent to displace a state law cause of action—such that there is 'no such thing as a state-law claim' for violation of the right asserted, . . . only a federal one—is sufficient to create jurisdiction."). If the state law cause of action has been effectively displaced by federal law, then the state law claim is properly recharacterized as a claim arising under federal law over which a federal court has original federal question jurisdiction. *Rice*, 65 F.3d at 640. This is what Blue Marlin asserts to support removal in this case.

There is no suggestion Congress intended the FAAAA to completely displace state tort law for a broker's negligent selection. *See City of Rockford v. Raymond*, No. 98 C 50353, 1999 WL 218549, at *2-3 (N.D. Ill. Apr. 14, 1999); *Dreisbach Enters., Inc. v. Pac. Coast Container, Inc.*, No. 24-cv-7592-JSC, 2024 WL 51858346, at *2-3 (N.D. Cal. Dec. 19, 2024). On the contrary, at the most, Congress may have intended the FAAAA as a defense to a state negligent selection action; that is the issue before the Supreme Court in *Montgomery*. Thus, the preemption Blue Marlin invokes is ordinary, conflict preemption, which may be a defense to Garza-Castro's negligent selection claim but which is not a basis for federal question jurisdiction. Garza-Castro's complaint pleads no federal cause of action, so the Court does not

3

have original federal question jurisdiction over this case.

For these reasons, the Court **GRANTS** Garza-Castro's motion to remand (Doc. 11) and **REMANDS** this case to the Circuit Court of the Fifth Judicial Circuit, Cumberland County, Illinois, pursuant to 28 U.S.C. § 1447(c).   Not having subject matter jurisdiction, the Court does not have the authority to rule on the other pending motions in this case (Docs. 2, 18, & 31) and accordingly **DENIES** them **without prejudice.**

**IT IS SO ORDERED.**
**DATED: December 23, 2025**

               s/ J. Phil Gilbert
               **J. PHIL GILBERT**
               **DISTRICT JUDGE**